# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 12-146V
### (Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * * * * *
                                        *
BEVERLI RILEY,                          *       Filed:  April 15, 2015
                                        *
                Petitioner,             *       Decision; Attorney's
                                        *       Fees & Costs
        v.                              *
                                        *
SECRETARY OF HEALTH AND                 *
HUMAN SERVICES,                         *
                                        *
                Respondent.             *
                                        *
* * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Lawrence Cohan*, Anapol, Schwartz, et al., Philadelphia, PA, for Petitioner.

*Jennifer Reynaud*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## ATTORNEY'S FEES AND COSTS DECISION[1]

On March 5, 2012, Beverli Riley filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner subsequently filed a motion for a factual finding regarding her receipt of the influenza vaccine (along with a memorandum of law regarding evidence of vaccine receipt) on April 17, 2013, and Respondent filed her response to this motion on May 1, 2013. The special master previously assigned to this matter then issued a fact ruling finding that the preponderance of evidence supported a finding that Ms. Riley received the flu vaccine on October 12, 2009. Respondent filed her Rule 4(c) report, on

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C. § 300aa-10 through 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

November 18, 2013, indicating that Petitioner had not demonstrated an entitlement to compensation under the Vaccine Act.

Thereafter, the parties engaged in mediation (utilizing a third-party mediator). On March 12, 2015, Respondent filed a stipulation detailing the amount to be awarded to Petitioner. I found the stipulation to be reasonable and issued a decision granted Petitioner an award as outlined in the stipulation.

On March 23, 2015, Petitioner filed a motion for attorney's fees and costs. Petitioner subsequently filed a stipulation regarding attorney's fees and costs on April 14, 2015, indicating that Petitioner has amended her request, and now seeks reimbursement for fees and costs in the amount of $88,000.00. The stipulation also indicated that pursuant to General Order No. 9, Petitioner has advanced no monies in reimbursable costs in pursuit of her claim.

I approve the requested amount for attorney's fees and costs as reasonable. Accordingly, an award of $88,000.00 should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Lawrence Cohan, Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.